UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                        No. 07-20298

vs.                                                District Judge Victoria A. Roberts

DESHAWN S. JOHNSON,              Magistrate Judge R. Steven Whalen

                                    /

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION FOR DISCOVERY**

Before the Court is Defendant's Combined Pre-Trial Motion for Discovery, Notice of 404(b) Evidence and Brady Materials [Docket #19], which has been referred for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A). Defendant's motion is GRANTED IN PART AND DENIED IN PART.

**I.    GENERAL DISCOVERY PRINCIPLES**

"As opposed to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Fed.R.Crim.P. 16; (2) The Jencks Act, 18 U.S.C. §3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir. 1988) (stating that in most criminal prosecutions, these three rules 'exhaust the universe of discovery to which the defendant is entitled')." *United States v. Hayes*, 376 F.Supp.2d 736, 738 (E.D. Mich.

2005).

Rule 16 requires the government to disclose, upon a defendant's request, any oral, written or recorded statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony. The requirements of Rule 16 are incorporated into this Court's Standing Order for Discovery and Inspection in Criminal Cases, Administrative Order 99-AO-003.

Rule 16(2) and (3) specifically exempt the disclosure of material falling within the Jencks Act, 18 U.S.C. §3500, and grand jury transcripts, with certain exceptions not applicable to the present case.

The Jencks Act "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). However, the defendant has a right to production of such statements only after the witness has testified on direct examination. 18 U.S.C. §3500(a).

*Brady v. Maryland* holds that the government violates due process when it fails to disclose evidence favorable to the accused in a criminal case, if the evidence is material to guilt or sentencing. *Id.*, at 87. The *Brady* rule extends to evidence which could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or

innocence"). Evidence is "material" for purposes of *Brady* and *Giglio* if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). A "reasonable probability," in turn, is "a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. In *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Court held that if the exculpatory evidence "creates a reasonable doubt" as to the defendant's guilt, it is material.

Regarding pretrial *Brady* disclosure, the Sixth Circuit in *Presser* observed that "the government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." 844 F.2d at 1281. Indeed, the Supreme Court has stated that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one...." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

Fed.R.Crim.P. 6(e) governs the disclosure of grand jury transcripts. Rule 6(e)(3) provides that grand jury proceedings, including transcripts, are subject to a general rule of secrecy, and may not ordinarily be disclosed prior to trial. They must, however, be disclosed, at the latest, after a witness who has testified before the grand jury later testifies against the defendant at trial.

Finally, Fed.R.Ev. 404(b) requires the government, on request by the defendant, to provide notice, reasonably in advance of trial, of intent to use "other acts" evidence. That notice "must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature," and "must be sufficiently clear so as to permit pretrial resolution of the issue of its admissibility." *United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1985).

## II. ANALYSIS

Much of what Defendant requests by way of discovery is mandated by Rule 16 as well as this Court's Standing Order for Discovery and Inspection in Criminal Cases. As to ¶ 3 of his Motion, Defendant is clearly entitled to inspect surveillance video and photographs regarding the charged offenses, as well as reports of law enforcement interviews of the Defendant, and the Motion is GRANTED as to those items. However, the request for pretrial disclosure of "any and all reports pertaining to the bank robberies for which he is charged" is overly broad. For example, Defendant would not be entitled to pretrial disclosure of reports falling within the Jencks Act. To the extent that Defendant requests pretrial disclosure of Jencks material or other protected material, that request is DENIED.

As to the requests in ¶ 4 of the Motion, Defendant is entitled to production of all discovery covered by Rule 16 and the Standing Order, and the Motion is GRANTED as to those items. However, the request for pretrial disclosure of a list of government witnesses, ¶ 4(C), and Jencks Act material, ¶ 4(F), is not authorized at this time, and will

be DENIED.[1]

As to *Brady* material, the government is aware of its obligations and the fate that will befall it should exculpatory material be withheld. A pretrial court order requiring the disclosure of *Brady* material is hardly necessary, but to underscore the importance of that disclosure, the Defendant's request for pretrial disclosure is GRANTED, with the exception of impeachment material covered by *Brady* and *Giglio* and also falling within the Jencks Act. *See* fn. 1, *supra*.

The request for grand jury transcripts is DENIED, except as otherwise provided by Rule 16(3) and, should a grand jury witness testify at trial, by the Jencks Act.

The request for disclosure of Rule 404(b) evidence is GRANTED. If the government intends to offer Rule 404(b) evidence, it shall provide to Defendant, reasonably in advance of trial, notice specifying the nature of the similar acts evidence it intends to use, and the purpose for which it is offering that evidence.

Finally, the Defendant's request for additional time to file pretrial motions is, at this time, speculative, and is therefore DENIED WITHOUT PREJUDICE. Should

---

[1] In *United States v. Hayes, supra*, I ordered the pretrial production of certain identified *Brady* material as well as grand jury transcripts. In *Hayes*, the discovery related to the prior criminal prosecution of the police officer who happened to be the critical witness against the defendant. Unlike the present case, the discovery requested in *Hayes* was "nonexculpatory impeachment material covered by *Brady* and not covered by the Jencks Act." In addition, the defendant in *Hayes* was able to articulate a particularized need for grand jury transcripts from the police officer's case.

circumstances such as the government's late production of discovery material necessitate the filing of an otherwise untimely motion, the Defendant may request leave to do so at that time.

SO ORDERED.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: October 1, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 1, 2007.

        s/Susan Jefferson
        Case Manager